UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KILLER JOE NEVADA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-223 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| DOES 1-58, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are two motions to quash filed by *pro se* defendants, which are entitled "Motion of Nonparty to Quash Subpoena and for Protection of Order" [Doc. 7] and "Quashing or Modifying Subpoena" [Doc. 8]. The Plaintiff has responded in opposition to both of these motions. [Doc. 9]. The Court has considered the parties' positions and the applicable law, and the Court finds that the motions are not well-taken. See Killer Joe Nevada v. Does, Case No. 3:13-CV-217, Memorandum and Order (E.D. Tenn. Oct. 28, 2013).

The Court finds, first, that the Doe Defendants do not have standing to object to the subpoenas served upon third-party internet service providers. See Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013); First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011).

Further, the Court finds that the Doe Defendants have not demonstrated that the subpoenas at issue should be quashed pursuant to Rule 45 of the Federal Rules of Civil

Procedure.  Specifically, the Court finds that the subpoena does not impose a burden upon the Doe Defendants.  In addition, the Court finds that the Doe Defendants have not demonstrated that the Court should issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, because again, the Doe Defendants have failed to demonstrate that the subpoena imposes a burden upon them.

Finally, the Doe Defendants have not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure.  Moreover, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." First Time Videos, 276 F.R.D. at 247 (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)).  Because the Doe Defendants have already shared the information sought in the subpoena with the ISP for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

Accordingly, the Court finds that the motions to quash **[Docs. 7 & 8]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge